### ELVERSON *v.* SMITH *et al.*

PER CURIAM.  1.  Samuel Smith, Elverson Smith, Georgia Smith, and Mamie Floyd sued Hattie Jones Elverson to recover certain land, the same being described lots in the city of Brunswick.  The petition alleged that the plaintiffs were the next of kin and the sole heirs of Tom

Elverson, deceased, who had title to and was in possession of the land at the time of his death; that the defendant, who was in the possession of the property at the time of the institution of the action, claimed it as the widow of Tom Elverson, but that she was never legally married to him, for the reason that at the time of such marriage she had a living husband from whom she had not been divorced, and that therefore she could not, as the alleged widow of Elverson, take or inherit the land in question. *Held:*

(a) The court did not err in allowing amendments to the petition, setting forth the conveyance under which Elverson held the land in question, and alleging that he died intestate, and there had been no administration upon his estate.

(b) Nor was it error to hold that the petition as amended was not subject to general demurrer.

2. Sherman Jones and the defendant were legally married and lived together as man and wife in Brunswick for about nine months, during which time they engaged in the business of conducting a restaurant. He then left her, and the city of Brunswick, she continuing the business there. There is no evidence tending to show that she had any reason to suspect why he disappeared; she never saw or heard from or of him for ten years. She consulted a lawyer in Brunswick as to obtaining a divorce from Jones, and was advised by him that, in the circumstances above stated, no divorce was necessary, as under the law Jones was presumed to be dead. After being so advised she, after the expiration of ten years from the disappearance of Jones, contracted a ceremonial marriage with Tom Elverson, who died intestate in about two years thereafter, leaving no children, nor father or mother, nor brother or sister; the plaintiffs were his only nephews and nieces. One witness testified that Jones, after leaving Brunswick, told him that he left because of some trouble he had about whisky. Many witnesses testified that they had seen him subsequently in the city of Jacksonville, Florida, during the seven years after he left Brunswick, and afterwards during the year before the institution of the suit; one of the plaintiffs testified that he saw Jones in Jacksonville, Florida, within seven years after he left Brunswick. It was not shown that the defendant knew or had heard that any of such witnesses had seen Jones,, nor did it appear that he had communicated with any one in Brunswick. The defendant admitted in her testimony on the trial that she had continued to pay the premiums on a policy of life insurance which was issued to Sherman Jones for her benefit, she testifying that she did so because the insurance company would not pay the policy without proof of the actual death of Jones. *Held,* that the evidence was sufficient to overcome the presumption of the death of Sherman Jones, arising by reason of his absence for more than seven years prior to the marriage of the defendant with Elverson. *O'Kelly* v. *Felker,* 71 *Ga.* 775; Flynn *v.* Coffee, 12 Allen (Mass.), 133; Scott *v.* McNeal, 154 U. S. 34 (14 Sup. Ct. 1108, 38 L. ed. 896).

3. The court did not err in refusing a nonsuit.

4. The undisputed evidence being that no divorce had been granted annulling the marriage between the defendant and Sherman Jones, the

ground of the motion for new trial was without merit which complained that the court erred in instructing the jury that if they should find that the defendant had a living husband at the time she married Elverson, such marriage would be void.

5. None of the other grounds of the motion for a new trial were meritorious, and it is not necessary to deal specifically with them.

*Judgment affirmed. All the Justices concur, except Hill and Gilbert, JJ., dissenting.*

No. 2861.   SEPTEMBER 30, 1922.

Complaint for land.   Before Judge Highsmith.   Glynn superior court.   October 6, 1921.

*Isaac & Isaac,* for plaintiff in error.   *W. C. Little,* contra.